# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN R. CRAVINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17CV2662 NAB |
| ) | |
| DALE GLASS, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. After review of the application for writ of habeas corpus, the Court will deny and dismiss this action.

## Background

On June 6, 2016, a grand jury indicted petitioner in Missouri State Court on one count of felony forgery. *Missouri v. Cravins*, No. 1722-CR1415-01 (City of St. Louis). The Court found petitioner to be a prior and persistent offender based on two prior convictions for stealing: one in 1985 and the other in 1990, both in St. Louis City Court.

Petitioner filed the instant action on October 30, 2017, asserting that her rights had been violated upon issuance of her arrest warrant on June 6, 2017, by Missouri state court Judge Michael F. Stelzer. Petitioner claims that the warrant was not based on probable cause, and that she has been detained in St. Louis City Medium Security Institution ("MSI") without an arraignment for seven (7) months.

Petitioner further claims that she has been subjected to double jeopardy "on stealing," because she believes that the 1990 charge for forgery was set aside on a motion to vacate, brought pursuant to Rule 29.15.

Last, petitioner asserts that she is not receiving effective assistance of counsel in her criminal case in state court. Petitioner seeks immediate release from custody.

The Court has reviewed petitioner's criminal case docket on Missouri.Case.Net and found that petitioner is represented in her state criminal case by a Missouri Public Defender. *See Missouri v. Cravins, No. 1722-CR1415-01 (City of St. Louis).*

## Discussion

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County,* 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck,* 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law and must not be merely conclusory. *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995).

However, in these circumstances, the grounds raised by petitioner do not constitute the "special circumstances" required for a finding that she has exhausted her available state

2

remedies.[1] Petitioner first argues that the double jeopardy clause prohibits the use of prior convictions to enhance her charge on the Indictment as a "prior and persistent offender."[2] Petitioner misunderstands the double jeopardy clause. The double jeopardy clause protects a criminal defendant from multiple punishments for the same offense. *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Missouri courts have consistently found that enhancement of a criminal defendant's sentence with prior convictions "'does not constitute a separate offense or punishment, but a single culmination of a single accusation and adjudication of guilt.'" *Berry v. State*, 714 S.W.2d 676, 678 (Mo.Ct. App. 1986) quoting *State v. Quick*, 639 S.W.2d 880, 884 (Mo.Ct.App. 1982); *See also Layton v. State of S.D.*, 918 F.2d 739, 743 (8th Cir.1990) (application of both habitual offender statute and statute permitting doubling of sentence if defendant is in prison did not violate double jeopardy). The double jeopardy clause is not implicated where a criminal defendant is not punished more than once for an offense, but rather only the severity of his sentence is determined.

---

[1] In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden,* 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a state petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner has not alleged, nor has the Court found, that petitioner exhausted her state remedies prior to bringing this action.

[2] To the extent petitioner is asserting that one of the prior stealing charges used to enhance her charge as a "prior and persistent offender" has been dismissed, this is a substantive argument that must be made by petitioner's attorney in her criminal case in Missouri State Court. Petitioner's assertions relating to lack of probable cause must also be raised in her state criminal action and are not cognizable in this habeas corpus action at this time.

Moreover, petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that she was held without an arraignment. In fact, a review of Mo.Case.Net shows that petitioner was arraigned through video proceedings in front of Associate Circuit Judge Timothy James Boyer on August 9, 2017. *Missouri v. Cravins*, No. 1722-CR1415-01 (City of St. Louis). At that time, petitioner, with her attorney present in the courtroom, entered a plea of not guilty.[3]

Although petitioner states in her application for writ that she has not received copies of the indictment or discovery in her case, these issues are not matters cognizable in a § 2241 petition. Nor is an ineffective assistance of trial counsel claim a matter for a pretrial habeas corpus claim in federal court. The claims raised by **petitioner can be adequately raised with her state criminal counsel**, at her criminal trial and in her subsequent state proceedings. As a result, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

---

[3] It appears that petitioner was already in custody when the warrant was issued relative to another case. *See Missouri v. Cravins,* No. 1322-CR04366 (City of St. Louis).

**IT IS HEREBY ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of November, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE